IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | NO:  2:22-CV-100-RWS |
| | : | |
| K.L. VICK CONSTUCTION LLC , | : | |
| | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT

The United States of America (United States), on behalf of its agency the U.S. Department of Labor, Occupational Safety and Health Administration (OSHA) and by and through the U.S. Attorney and undersigned Assistant U.S. Attorney, hereby sues Defendant, K.L. Vick Construction LLC (Defendant).  In support, the United States alleges:

### JURISDICTION AND VENUE

1.    The Court has jurisdiction over this action under 28 U.S.C. § 1345, as this action is a civil action commenced by the United States or its agency or officer.

2.    Venue is properly laid in this district under 28 U.S.C. § 1391(b)(1), as Defendant maintains a principal office address within this district at 2122 Hilton Drive, Suite B, Gainesville, GA 30501.

3

3. Alternatively, venue is properly laid in this district under 28 U.S.C. § 1391(b)(3), as Defendant is subject to the personal jurisdiction of this Court because Defendant resides and conducts business within this District.

4. This Court has jurisdiction by virtue of 29 U.S.C. § 666(l), which authorizes civil actions to recover OSHA penalties, and further authorizes such actions to be brought in the district where the violations occurred or where Defendant has its principal offices.

5. The exclusive civil procedures under the Federal Debt Collection Procedure Act, 28 U.S.C. § 3001, *et seq.*, apply to this action by the United States "to recover a judgment on a debt."

## THE PARTIES

6. The United States files suit on behalf of its agency, OSHA. OSHA is a regulatory agency tasked with monitoring and enforcing laws related to occupational safety and health standards to promote healthy working conditions for men and women.

7. Defendant is a domestic limited liability corporation, organized under the laws of the State of Georgia. Defendant maintains a physical address and principal place of business at 2122 Hilton Drive, Suite B, Gainesville, GA 30501.

8. Defendant operates as a construction company.

## STATEMENT OF FACTS

9. This is a collection action brought to recover civil penalties owed by Defendant following imposition of assessments by OSHA for employee and public safety violations of the Occupational Health and Safety Act of 1970 (the Act), 29 U.S.C. § 651, *et seq.*, and regulations promulgated thereunder, 29 C.F.R. § 1910, *et seq.*

10. At Defendant's worksite located at 2945 Webb Bridge Road, Alpharetta, GA 30009, OSHA conducted an inspection on or about May 25, 2017. Defendant was cited by OSHA for violation of the Act and regulations. The inspection is identified as Inspection No. 1237845 (herein referred to as "Inspection") in the Citation and Notification of Penalty issued. A true and correct copy of the Citation and Notification of Penalty issued from the Inspection is attached hereto as Exhibit 1.

11. OSHA issued a Citation and Notification of Penalty ("Citation") to Defendant on October 17, 2017, for the Inspection. The Citation assessed Defendant's violations to be on a serious level because employees were not provided with eye and face protection equipment when conducting operations with potential eye or fact injury form physical, chemical or radiation agents; front-end loaders were used to support scaffold platform when they were not designed for such use and moving forklifts were used to support scaffold platforms without

the entire platform being attached to the forklifts. See Citation 1, Item 1, 2a-2b, Exhibit 1.[1]

12.     Defendant was additionally cited for repeat violations previously assessed regarding employee exposure to fall hazards of 18-feet while using job-made platforms resting not attached to forklifts.  See Citation 2, Item 1, Exhibit 1.

13.     OSHA set forth a proposed penalty in the amount of $6,573.00 for Citation 1 issued under the Inspection.  Citation 1, Item 1, 2a-2b, Exhibit 1.

14.     OSHA issued a penalty amount of $8,366 for the violations under Citation 2.  See Citation 2, Item 1, Exhibit 1.

15.     The Citation and Notification of Penalty for the Inspection provided Defendant with information regarding its right to contest the proposed citation and penalty. See Exhibit 1.

16.     Defendant failed to contest the penalties and citations identified in the Citation and Notification of Penalty for the Inspection in accordance with 29 U.S.C. § 659(a) and (b).  Id.

17.     OSHA mailed a follow up demand to Defendant on January 10, 2018, after issuance of the original Certification and Notification of Penalty.  See Exhibit 2

---

[1] A serious violation shall be deemed to exist in a place of employment if there is a substantial probability that death or serious physical harm could result from a condition.  29 U.S.C. § 666(k).

attached hereto.

18. By operation of law, if a citation is not timely contested, the penalty becomes a final order of OSHA 15 days after receipt of a citation.

19. The proposed combined penalties of $14,939.00 for the Inspection is now final, and Defendant is barred from challenging OSHA's findings in support of the penalties or citations.  See Exhibit 1.

20. Defendant did not seek administrative or judicial review of the penalties imposed under the Inspection and the time for Defendant to seek administrative or judicial review has expired.

21. Despite having been served with a demand for payment of the penalties, Defendant has failed to pay penalties in the amount of $14,393.

22. Section 666(l) of the Act (29 U.S.C. § 666(l)) provides that civil penalties imposed under the Act may be recovered in a civil action brought by the United States.

23. In a judicial proceeding brought under section 666(l), a defendant who failed to contest an OSHA citation is precluded from contesting the merits of the underlying violation.  Accordingly, this proceeding is civil in nature, and the appropriateness of OSHA's determination to impose a penalty is not subject to review.  29 U.S.C. § 666(l).

## COUNT I

24. The United States restates the allegations in paragraphs 1 through 23 as if fully set forth herein.

25. Defendant owes a debt payable to the United States in accordance with the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, *et seq.* in that Defendant has failed to pay the civil penalties issued as a result of the Inspection and is indebted to the United States in the total amount of $26,354.59, including principal penalties of $14,939.00, interest of $640.34 accrued at 1.0%, penalties of $3,767.29 assessed at 6.0%, an administrative cost of $20.00 and Treasury & DOJ fees of $6,987.96 through March 1, 2022, as indicated by the Certificate of Indebtedness (COI) prepared by Ms. Regina Crisafulli, Financial Program Specialist, U.S. Department of Treasury of the Bureau of Fiscal Service. A true and correct copy of the COI is attached hereto as Exhibit 3.

26. OSHA sent demand to Defendant to collect on the debt. See Exhibit 2.

27. In further effort to collect, the debt was referred to private collection agency. Between December 2019 through February 2022, the collection agency made multiple attempts to contact Defendant and sent numerous demand letters with no successful collection results. See Exhibit 4.

28. The total outstanding balance combined is $26,354.59.

29. Defendant did not to respond to OSHA's demands and did not make any payments on the outstanding debt. See Exhibit 2.

30. OSHA and the United States have satisfied all conditions precedent to enforcing the civil penalties and bringing this suit.

WHEREFORE, the United States prays the Court enter Judgment for the United States and against Defendant:

A. In the amount of $26,354.59, which consists of all outstanding principal, interest, penalties, administrative fees and Treasury fees;

B. Plus any pre-judgment interest, at the applicable rate in accordance with 42 CFR 405.378, accruing from the date of this Complaint to and including the date final judgment is entered;

C. Plus post-judgment interest thereafter at the legal rate per annum;

D. Plus any applicable attorney's fees or costs; and

E. Any such further relief in law or at equity that the Court deems just and proper.

    Respectfully submitted,

    RYAN K. BUCHANAN
    UNITED STATES ATTORNEY

    s/ Lori M. Beranek
    LORI M. BERANEK
    ASSISTANT U.S. ATTORNEY
    Georgia Bar No. 053775
    600 U.S. Courthouse
    75 Ted Turner Drive, S.W.
    Atlanta, Georgia  30303
    404-581-6000
    lori.beranek@usdoj.gov
    *Counsel for the United States of America*

## CERTIFICATE OF COMPLIANCE

I hereby certify, pursuant to Local Rules 5.1B and 7.1D, that the foregoing brief has been typed using 13 point Book Antiqua font.

                                          s/ Lori M. Beranek
                                          LORI M. BERANEK
                                          ASSISTANT U.S. ATTORNEY